1

2

3

4

5

6

7

8

9

10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11   SAMUEL SALDANA,                          )     No. C 11-3921 LHK (PR)
                                             )
12          Plaintiff,                        )     ORDER OF DISMISSAL WITH
                                             )     LEAVE TO AMEND
13     v.                                     )
                                             )
14   M. SAYRE and M.D. WILLIAMS,              )
                                             )
15          Defendants.                       )
                                             )
16   _____     )

17          Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42

18   U.S.C. § 1983.  Plaintiff is granted leave to proceed in forma pauperis in a separate order.  For

19   the reasons stated below, the Court dismisses the complaint with leave to amend.

20                                    **DISCUSSION**

21   A.     Standard of Review

22          A federal court must conduct a preliminary screening in any case in which a prisoner

23   seeks redress from a governmental entity or officer or employee of a governmental entity.  *See*

24   28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss

25   any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

26   seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C.

27   § 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See Balistreri v.*

28   *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.LHK\CR.11\Saldana921dwla.wpd

1    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

2    (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

3    the alleged violation was committed by a person acting under the color of state law. *See West v.*

4    *Atkins*, 487 U.S. 42, 48 (1988).

5    B.    Plaintiff's Claims

6        Plaintiff alleges that he asked M.D. Williams to order an MRI for his back pain, and that

7    Williams responded that he could only give Plaintiff ibuprofen.  Liberally construed, it appears

8    that Plaintiff is attempting to assert that Defendants were deliberately indifferent to his serious

9    medical needs.

10        However, there are several things deficient about Plaintiff's complaint.

11        First, to the extent Plaintiff is suing the State of California and Pelican Bay State Prison,

12    they are protected from suit pursuant to the Eleventh Amendment.  Unless a state has waived its

13    Eleventh Amendment immunity or Congress has overridden it, a state cannot be sued regardless

14    of the relief sought. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (citing *Alabama v.*

15    *Pugh*, 438 U.S. 781 (1978)).  This Eleventh Amendment immunity also extends to suits against a

16    state agency. *See, e.g.*, *Allison v. Cal. Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969)

17    (California Adult Authority and San Quentin Prison not persons within meaning of Civil Rights

18    Act)  Accordingly, the State of California and Pelican Bay State Prison are DISMISSED with

19    prejudice.

20        Second, deliberate indifference to serious medical needs violates the Eighth

21    Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429

22    U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on*

23    *other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en

24    banc).  A determination of "deliberate indifference" involves an examination of two elements:

25    the seriousness of the prisoner's medical need and the nature of the defendant's response to that

26    need. *See McGuckin*, 974 F.2d at 1059.  However, "[a] difference of opinion between a

27    prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983

28    claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).  Similarly, a showing of

1   nothing more than a difference of medical opinion as to the need to pursue one course of

2   treatment over another is insufficient, as a matter of law, to establish deliberate indifference. *See*

3   *Toguchi v. Chung*, 391 F.3d 1051, 1059-60 (9th Cir. 2004).  Thus far, Plaintiff's claim

4   demonstrates only that Plaintiff and Williams had a difference of opinion as to the proper

5   treatment of his back.  This falls far short of stating a cognizable claim for relief.  In order to

6   survive dismissal, "[f]actual allegations must be enough to raise a right to relief above the

7   speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007) (citations

8   omitted).  The complaint should be dismissed if it does not proffer "enough facts to state a claim

9   for relief that is plausible on its face." *Id.* at 570.  Accordingly, Plaintiff's claim is DISMISSED

10  with leave to amend if he can do so in good faith.

11          Third, Plaintiff names M. Sayre because he also denied Plaintiff's request for an MRI.  A

12  supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the

13  constitutional deprivation or (2) a sufficient causal connection between the supervisor's

14  wrongful conduct and the constitutional violation. *Redman v. County of San Diego*, 942 F.2d

15  1435, 1446 (9th Cir. 1991) (en banc) (citation omitted).  A supervisor therefore generally "is

16  only liable for constitutional violations of his subordinates if the supervisor participated in or

17  directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v.*

18  *List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  In Plaintiff's amended complaint, he should take care

19  to properly link the Defendants' actions or inactions and show how those actions or inactions

20  proximately caused the deprivation of his federal rights.

21                                      **CONCLUSION**

22          1.      Plaintiff's complaint is DISMISSED with leave to amend.

23          2.      Plaintiff shall file an AMENDED COMPLAINT within **thirty days** from the date

24  this order is filed to cure the deficiencies described above.  The amended complaint must include

25  the caption and civil case number used in this order (C 11-3921 LHK (PR)) and the words

26  AMENDED COMPLAINT on the first page.  Plaintiff may not incorporate material from the

27  prior complaint by reference.  **Failure to file an amended complaint within thirty days, and**

28  **in accordance with this order will result in dismissal of this action.**

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.LHK\CR.11\Saldana921dwla.wpd          3

1       3.       Plaintiff is advised that an amended complaint supersedes the original complaint.

2   "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged

3   in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

4   Defendants not named in an amended complaint are no longer defendants. *See Ferdik v.*

5   *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

6       4.       It is the Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

7   Court informed of any change of address by filing a separate paper with the clerk headed "Notice

8   of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to

9   do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule

10  of Civil Procedure 41(b).

11      IT IS SO ORDERED.

12  DATED:   9/21/11

13                                              LUCY H. KOH
                                                United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.LHK\CR.11\Saldana921dwla.wpd          4