1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAMUEL SALDANA,                     )     No. C 11-3921 LHK (PR)
                                    )
            Plaintiff,              )     ORDER OF SERVICE;
                                    )     DIRECTING DEFENDANTS TO
      v.                            )     FILE DISPOSITIVE MOTION
                                    )     OR NOTICE REGARDING
MICHAEL SAYRE, MD, et al.,          )     SUCH MOTION
                                    )
            Defendants.             )
_____)

       Plaintiff, a California state prisoner proceeding *pro se*, filed an amended civil rights

complaint pursuant to 42 U.S.C. § 1983.  For the reasons stated below, the Court orders the

amended complaint served upon named Defendants.

                                **DISCUSSION**

A.     Standard of Review

       A federal court must conduct a preliminary screening in any case in which a prisoner

seeks redress from a governmental entity or officer or employee of a governmental entity.  *See*

28 U.S.C. § 1915A(a).  In its review, the Court must identify any cognizable claims and dismiss

any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C.

§ 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See Balistreri v.*

*Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

       To state a claim under 42 U.S.C. § 1983, Plaintiff must allege two essential elements:

(1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

1  the alleged violation was committed by a person acting under the color of state law.  *See West v.*

2  *Atkins*, 487 U.S. 42, 48 (1988).

3  B.    <u>Legal Claim</u>

4       Plaintiff alleges that around August or September 2008, he fell off an upper bunk bed in

5  his cell.  He sustained an injury to his upper back, and exacerbated a lower back disorder.  He

6  claims that Defendants failed to adequately treat his serious medical need because they refused

7  to give him adequate pain medication or refer him to a specialist.  Plaintiff also alleges that

8  Defendants did so because limiting medical care and pain medication was necessary to keep

9  medical costs down, as a matter of policy.

10      Deliberate indifference to serious medical needs violates the Eighth Amendment's

11  proscription against cruel and unusual punishment.  *See Estelle v. Gamble*, 429 U.S. 97, 104

12  (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds,*

13  *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A

14  determination of "deliberate indifference" involves an examination of two elements: the

15  seriousness of the prisoner's medical need and the nature of the defendant's response to that

16  need.  *See McGuckin*, 974 F.2d at 1059.

17      Plaintiff's allegations, when liberally construed, state a cognizable claim of deliberate

18  indifference to serious medical needs.  The Court also exercises supplemental jurisdiction over

19  Plaintiff's related state law claims.

**CONCLUSION**

21      For the foregoing reasons, the Court hereby orders as follows:

22      1.    The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of

23  Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended

24  complaint and all attachments thereto (docket no. 9), and a copy of this Order to Defendants **Dr.**

25  **Michael Sayre, Maureen McLean, Dr. Claire Williams,** and **Dr. Nnenna Ikegbu** at **Pelican**

26  **Bay State Prison.**

27

28

1    The Clerk of the Court shall also mail a courtesy copy of the amended complaint and a

2    copy of this Order to the California Attorney General's Office.  Additionally, the Clerk shall

3    mail a copy of this Order to Plaintiff.

4        2.    Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure

5    requires them to cooperate in saving unnecessary costs of service of the summons and complaint.

6    Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on

7    behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear

8    the cost of such service unless good cause be shown for their failure to sign and return the waiver

9    form.  If service is waived, this action will proceed as if Defendants had been served on the date

10   that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required

11   to serve and file an answer before **sixty (60) days** from the date on which the request for waiver

12   was sent.  (This allows a longer time to respond than would be required if formal service of

13   summons is necessary.)  Defendants are asked to read the statement set forth at the bottom of the

14   waiver form that more completely describes the duties of the parties with regard to waiver of

15   service of the summons.  If service is waived after the date provided in the Notice but before

16   Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date

17   on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is

18   filed, whichever is later.

19       3.    No later than **ninety (90) days** from the date of this order, Defendants shall file a

20   motion for summary judgment or other dispositive motion with respect to the cognizable claims

21   in the complaint.

22           a.    If Defendants elect to file a motion to dismiss on the grounds that Plaintiff

23   failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),

24   Defendants shall do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315

25   F.3d 1108, 1119-20 (9th Cir. 2003).

26           b.    Any motion for summary judgment shall be supported by adequate factual

27   documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil

28   Procedure.  **Defendants are advised that summary judgment cannot be granted, nor**

1  **qualified immunity found, if material facts are in dispute.  If Defendants are of the opinion**
2  **that this case cannot be resolved by summary judgment, they shall so inform the Court**
3  **prior to the date the summary judgment motion is due.**

4          4.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and
5  served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed.

6              a.      In the event Defendants file an unenumerated motion to dismiss under
7  Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

8              The defendants have made a motion to dismiss pursuant to Rule 12(b) of
9       the Federal Rules of Civil Procedure, on the ground you have not exhausted your
        administrative remedies.  The motion will, if granted, result in the dismissal of
10      your case.  When a party you are suing makes a motion to dismiss for failure to
        exhaust, and that motion is properly supported by declarations (or other sworn
11      testimony) and/or documents, you may not simply rely on what your complaint
        says.  Instead, you must set out specific facts in declarations, depositions, answers
12      to interrogatories, or documents, that contradict the facts shown in the defendant's
        declarations and documents and show that you have in fact exhausted your
13      claims.  If you do not submit your own evidence in opposition, the motion to
        dismiss, if appropriate, may be granted and the case dismissed.

14              b.      In the event Defendants file a motion for summary judgment, the
15  Ninth Circuit has held that the following notice should be given to plaintiffs:

16              The defendants have made a motion for summary  judgment by which
        they seek to have your case dismissed.  A motion for summary judgment under
17      Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

18              Rule 56 tells you what you must do in order to oppose a motion for
19      summary judgment.  Generally, summary judgment must be granted when there is
        no genuine issue of material fact--that is,  if there is no real dispute about any fact
20      that would affect the result of your case, the party who asked for summary
        judgment is entitled to judgment as a matter of law, which will end your case.
21      When a party you are suing makes a motion for summary judgment that is
        properly supported by declarations (or other sworn testimony), you cannot simply
22      rely on what your complaint says.  Instead, you must set out specific facts in
        declarations, depositions, answers to interrogatories, or authenticated documents,
23      as provided in Rule 56(e), that contradict the facts shown in the defendants'
        declarations and documents and show that there is a genuine issue of material fact
24      for trial.  If you do not submit your own evidence in opposition, summary
        judgment, if appropriate, may be entered against you.  If summary judgment is
25      granted in favor of defendants, your case will be dismissed and there will be no
        trial.

26

27          [1] The following notice is adapted from the summary judgment notice to be given to pro se
28  prisoners as set forth in *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  *See*
    *Wyatt v. Terhune*, 315 F.3d at 1120 n.14.

1   *See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read

2   Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317

3   (1986) (holding party opposing summary judgment must come forward with evidence showing

4   triable issues of material fact on every essential element of his claim).

5       5.      Defendants <u>shall</u> file a reply brief no later than **fifteen (15) days** after Plaintiff's

6   opposition is filed.

7       6.      The motion shall be deemed submitted as of the date the reply brief is due.  No

8   hearing will be held on the motion unless the Court so orders at a later date.

9       7.      All communications by the Plaintiff with the Court must be served on Defendants

10  or Defendants' counsel, by mailing a true copy of the document to Defendants or Defendants'

11  counsel.

12      8.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

13  No further Court order is required before the parties may conduct discovery.

14      9.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

15  and all parties informed of any change of address and must comply with the Court's orders in a

16  timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

17  pursuant to Federal Rule of Civil Procedure 41(b).

18      IT IS SO ORDERED.

19  DATED:   4/9/12

20                                      LUCY H. KOH
                                        United States District Judge

21

22

23

24

25

26

27

28