IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SAMUEL SALDANA, | ) | No. C 11-3921 LHK (PR) |
| | ) | |
| Plaintiff, | ) | ORDER ADDRESSING |
| | ) | PENDING MOTIONS |
| v. | ) | |
| | ) | |
| MICHAEL SAYRE, et al., | ) | (Docket Nos. 28, 29, 31, 42) |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, a state prisoner proceeding *pro se*, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that prison officials were deliberately indifferent to his serious medical needs. On September 7, 2012, Defendants filed a motion for summary judgment. On September 27, 2012, Plaintiff filed a motion to stay summary judgment proceedings, a motion to appoint a medical expert, and a motion to appoint counsel. On October 25, 2012, Defendants filed oppositions to Plaintiff's motion to stay summary judgment proceedings and motion to appoint a medical expert. On October 26, 2012, Defendants filed a motion to stay discovery pending the disposition of their argument that they are entitled to qualified immunity.

A.  Motion to appoint a medical expert

Plaintiff moves, pursuant to Rule 706 of the Federal Rules of Evidence, for appointment of a medical expert to respond to Defendants' motion for summary judgment. Pursuant to Rule 702 of the Federal Rules of Evidence, "[i]f scientific, technical, or other specialized knowledge

will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." Fed. R. Evid. 702. Under Rule 706, the Court may on its own motion, or on the motion of a party appoint an expert witness. Fed. R. Evid. 706(a).

However, the Court finds that appointment of an expert is not necessary or appropriate at this time. First, the Court does not need an expert witness to aid its understanding of the deliberate indifference claim in this action. Second, in a civil rights action such as this, Rule 706(b) contemplates that the expert would be paid by the parties, but here, Defendants would have to bear the entire cost because Plaintiff would be unable to pay for the expert. There is no showing that it is appropriate or fair to require Defendants to bear the sole burden of paying an expert witness to present Plaintiff's point of view.

Nonetheless, at this point in the proceedings, the Court finds it is premature to decide whether appointment of a medical expert is warranted. Specifically, until the Court has had the opportunity to review the arguments and evidence submitted by the parties on summary judgment, no determination can be made that the issues are so complex as to require the testimony of an expert to assist the trier of fact. Accordingly, Plaintiff's motion for appointment of a medical expert will be DENIED. This denial is without prejudice to renewal, once Defendants' motion for summary judgment has been submitted and considered.

B.      Discovery motions

Plaintiff moves to stay summary judgment proceedings so that he can have more time to conduct discovery. Plaintiff also claims that he needs more time to access the law library so that he can file an opposition to Defendants' motion for summary judgment. Defendants have filed a motion to stay discovery proceedings pending the Court's disposition of the issue of qualified immunity.

As a general rule, a district court should stay discovery until the issue of qualified immunity is resolved. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Accordingly, Defendants' motion to stay discovery until the Court has ruled on the issue of qualified immunity, as raised in Defendants' motion for

1 summary judgment, is hereby GRANTED.  Plaintiff's motion to stay summary judgment
2 proceedings pursuant to Rule 56(d), therefore, is DENIED as moot.  *See* Fed. R. Civ P. 56(d).
3      At this time, Plaintiff's opposition is overdue.  However, because Plaintiff appears to
4 have had difficulty accessing the law library to conduct whatever research he believes he needs
5 to file a proper opposition, the Court *sua sponte* extends the deadline for Plaintiff to file an
6 opposition to Defendants' motion for summary judgment.  Plaintiff shall file his opposition no
7 later than **twenty eight days** from the filing date of this order.  Defendants shall file their reply
8 **fourteen days** thereafter.

9 C.    <u>Motions to appoint counsel</u>

10      Plaintiff's motions for appointment of counsel are DENIED for want of exceptional
11 circumstances.  *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997); *see also Lassiter v.*
12 *Dep't of Social Services*, 452 U.S. 18, 25 (1981) (there is no constitutional right to counsel in a
13 civil case).  The issues in this case are not particularly complex, and Plaintiff has thus far been
14 able to adequately present his claims.  This denial is without prejudice to the Court's *sua sponte*
15 appointment of counsel at a future date should the circumstances of this case warrant such
16 appointment.

17      This order terminates docket numbers 28, 29, 31, and 42.
18      IT IS SO ORDERED.
19 DATED: 1/2/13             *Lucy H. Koh*
20                         LUCY H. KOH
                        United States District Judge